UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 09-23051-MOORE/SIMONTON

<u>**CONSENT CASE**</u>

GIOVANNI A. RODRIGUEZ and all others )
similarly situated under 29 USC 216(B) )
              )
   Plaintiff        )
vs.              )
              )
SUPER SHINE AND DETAILING, INC. )
CRAIG A GREENBERG      )
              )
   Defendants       )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT**

   COMES NOW the Plaintiff, through undersigned counsel, and states as follows regarding [DE 31]:

**INTRODUCTION**

1.  This matter sounds under the Fair Labor Standards Act ("FLSA") and includes a half-time claim for overtime wages.

2.  Plaintiff previously moved for summary judgment and is awaiting the Court to find that: A) FLSA coverage/subject-matter jurisdiction exists under an enterprise theory; B) individual liability is present as to Defendant Craig A. Greenberg under the FLSA; C) Defendants are not entitled to claim any type of tip credit in relation to Plaintiff's overtime wages.

3.  Plaintiff incorporates the below responsive facts and argument regarding [DE 31].

1

## PLAINTIFF'S RESPONSIVE STATEMENT OF MATERIAL FACTS

4. In response to Defendants' facts in Para. 1, Plaintiff will concede what is set forth in the deposition testimony attached to Defendants' Motion as such speaks for itself. However, Plaintiff notes the general nature of the testimony. For example Plaintiff answered "Of course", P88, L22, when asked the general question if "accurate records" were kept. Consequently, on behalf of Plaintiff, the undersigned reserves the right to dispute any particular aspects of any specific time records (if later justified), to the extent any such specific time records were not particularly addressed during Plaintiff's deposition.

5. As to Para. 2, Plaintiff does not dispute he was paid straight time insofar as he was paid a set salary directly by Defendants that can be divided by the hours worked,[1] or that his claim (aside from liquidated damages and fees/costs) is currently a half-time claim. Plaintiff refers to his Affidavit previously filed in this case along with his Motion for Summary Judgment, wherein Plaintiff provided particular details as to his salary paid, days worked and schedule. Based on such Affidavit, it appears

---

[1] "If the employee is employed solely on a weekly salary basis, his regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate. [For example] [i]f an employee is hired at a salary of $ 182.70 and if it is understood that this salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is $ 182.70 divided by 35 hours, or $ 5.22 an hour, and when he works overtime he is entitled to receive $ 5.22 for each of the first 40 hours and $ 7.83 (one and one-half times $ 5.22) for each hour thereafter. If an employee is hired at a salary of $ 220.80 for a 40-hour week his regular rate is $ 5.52 an hour." *Quoting*, *Rodriguez et al. v. Farm Stores Grocery, Inc.,* 21 Fla.L.Weekly.C 353. 2008 U.S. App. LEXIS 1796, *22 (11th Cir. 2008).

>     Plaintiff was directly paid by Defendants at least minimum wage for each hour worked on a straight time basis.

6. As to Para. 3, Plaintiff's deposition testimony does indicate he understands what overtime is.

<strong><u>MEMORANDUM OF LAW AND ARGUMENT</u></strong>

A. <u>**SUMMARY JUDGMENT STANDARD.**</u>

Pursuant to Fed.R.Civ.P. 56, a summary judgment should be granted if, following sufficient discovery, there is no genuine issue of material fact to be decided by a jury; therefore summary judgment is to be granted as a matter of law. *Hoffman v. Allied Corp.*, *et al.,* 912 F.2d 1379, 1383-84 (11th Cir. 1990), *citing, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining if a genuine issue exists, the court must query whether "a reasonable jury could return a verdict for the nonmoving party…." *Hoffman v. Allied Corp.*, *et al.,* 912 F.2d at 1383. *See also, Beal v. Paramount Pictures Corporation*, 20 F.3d 454, 459 (11th Cir. 1994)("Summary Judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law"); *Silas v. Hillsborough County*, 2006 U.S. Dist. LEXIS 79503, *3-4 (M.D. Fla. 2006)(in FLSA matter court found "[s]ummary judgment is proper if following discovery … there is no genuine issue as to any material fact….").

B. **<u>TIME RECORDS</u>**.

As set forth above, on behalf of Plaintiff, the undersigned reserves the right to dispute any particular aspects of any specific time records (if later justified), to the extent any such specific time records were not particularly addressed during Plaintiff's deposition. Plaintiff also refers to his Affidavit filed with his summary judgment motion which

3

provides detailed facts regarding his schedule. Plaintiff maintains his arguments regarding his tips as set forth in his own summary judgment motion, and argues that any tips factored into his hourly wage could only serve to raise his hourly wage and hence increase the ½ time owed to him. However, the law and argument in Plaintiff's summary judgment motion indicate that tips received by Plaintiff cannot offset the half-time he is owed.

**C.   HALF-TIME CLAIM.**

Plaintiff's position is set forth *supra* in the responsive Statement of Material Facts.

D.   **PLAINTIFF'S ALLEGED UNDERSTANDING OF OVERTIME**.

As indicated above, Plaintiff's deposition testimony does indicate he understands what overtime is. However, the undersigned notes that Defendants appear to hold Plaintiff as responsible to comprehend legal conclusions, which is objectionable. Moreover, regardless of Plaintiff's understanding of overtime, an individual employee's rights for overtime compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981); *Baker et.al. v. Barnard Construction Co. et.al.*, 146 F.3d 1214 (10th Cir. 1998).

WHEREFORE, THE PLAINTIFF RESPONDS AS STATED.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: KRL_KELLY@YAHOO.COM**
**F.B.N. 0123870**
**BY:_____K. David Kelly__/s/_____**
**K. DAVID KELLY, ESQ.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED TO THE FOLLOWING SUBSEQUENT TO E-FILING VIA SAME ON EVEN DATE:**

**RONALD M. ROSENGARTEN, ESQ.**
**GREENBERG TRAURIG**
**1221 BRICKELL AVENUE**
**MIAMI, FLORIDA 33131**
**FAX: (305) 579-0717**
**EMAIL: ROSENGARTENR@GTLAW.COM.**

**BY:_____/s/ K. David Kelly_____**
**K. DAVID KELLY, ESQ.**