**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division**

**Case No. 09-23051-CV-Moore/Simonton**

| | |
|---|---|
| GIOVANNI A. RODRIGUEZ, and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>SUPER SHINE AND DETAILING, INC.; and CRAIG A. GREENBERG,<br><br>        Defendants.<br>_____ / | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Defendants, SUPER SHINE AND DETAILING, INC. ("Super Shine") and CRAIG A. GREENBERG ("Greenberg"), submit their response to Plaintiff's Motion for Partial Summary Judgment ("Motion").

**I.      Defendants' Response to Plaintiff's Statement of Material Facts.**

1.      Agreed for purposes of this case.

2.      Agreed for purposes of this case.

3.      Agreed for purposes of this case.

4.      Agreed for purposes of this case.

5.      Agreed that Defendants stipulated to this matter for purposes of this case.

6.      It is admitted that Plaintiff was hired to be a line worker, and later became a detailer. All remaining allegations are contested.

7.     The allegations in paragraph 7 are misleading and contested as phrased. It is agreed that for the relevant period,[1] Plaintiff received a salary of $600 per week, which covered straight time for all hours worked, that he received payments from a tip pool for the line workers that was delivered to Super Shine each day and distributed at the end of the week, and that he received tips directly from customers for whom he did detailing. *See also* Rodriguez depo at 43:22-25 (understood that he would receive a salary each week for however many hours he worked).

8.     The allegations contained in paragraph 8 do not reflect the tips that Plaintiff received directly from detailing customers, and therefore Defendants do not agree to these allegations as phrased.

9.     The allegations in paragraph 9, on their face, reflect that there is a disputed issue of material fact as to whether the tip pooling arrangement was explained to Plaintiff (*Cf.* paragraph 9 to paragraph 17, in which Plaintiff claims that the tip system was not explained to him). Greenberg testified that he explained to Plaintiff the tip system as it applied to Plaintiff (Greenberg depo at 15).

10.    The allegations in paragraph 10 do not take into account the testimony of Plaintiff that he was allowed to share in the tip pool even for those cars in the front where Plaintiff was not working (Rodriguez depo at 15:2-16, 44:1-11).

11.    It is agreed that the arrangement between Plaintiff and Super Shine, as requested by Plaintiff, was that he received a guaranteed salary of $600 per week, which was meant to cover straight time pay for each hour worked, plus the tips described above that would cover any half-time owed for hours worked above 40 for the week.

---

[1] References to the relevant period mean the three year period prior to Plaintiff's termination for which he potentially may seek recovery under the FLSA. It is Defendants' position that Plaintiff should not be entitled to seek recovery for more than two years prior to his termination, and that Plaintiff is not entitled to any recovery.

12.    It is agreed that the testimony cited is from Greenberg.

13.    The allegations in paragraph 13 misstate Greenberg's testimony; when asked the question as to how Plaintiff would be compensated for half time if the tips were not adequate to cover, Greenberg stated that he would make up the difference  (Greenberg depo at 19:11-24).

14.    The allegations in paragraph 14 cite a portion of Greenberg's testimony out of context, and are unclear as to the time frame and its relevance to whether Plaintiff received full overtime in any given week.

15.    The allegations in paragraph 15 cite a portion of Greenberg's testimony out of context, and do not include Greenberg's testimony as to how tips were calculated for Plaintiff, and therefore are misleading as stated.

16.    The allegations in paragraph 16 cite a portion of Greenberg's testimony, but again are out of context because they do not reflect the testimony that Plaintiff received a guaranteed salary of $600 per week to cover straight time for all hours worked, plus the tips received to cover any half-time owed.

17.    The allegations contained in paragraph 17 are a regurgitation of Plaintiff's affidavit, and contain a number of statements not germane to the Motion.  Defendants will respond to  those allegations that may bear on the motion.  First, Plaintiff was hired as a line worker and later became a detailer.  Second, Plaintiff did not "generate" $25,000-$30,000 per month as a detailer; he was an employee who worked at Super Shine on the cars that drove up, and further has no basis for the numbers stated.  Third, the statement that customers came to the detail area to pay him tips directly is somewhat misleading; it was only those customers that had detailing work performed by Plaintiff who would pay him in tips directly.  Fourth, Plaintiff did not state that he had to share with a helper the tips he directly received; in fact, he testified that

for the last two years of his employment, the person who had previously worked with him in detailing was transferred to another section (Rodriguez depo at 24). Fifth, during the last three years of his employment, Rodriguez was paid a guaranteed salary of $600 per week that was straight time compensation for each hour worked for the week (Rodriguez depo at 29:23-30:2; Greenberg depo at 19:5-10, 22:5-7, 38:21-25). Sixth, Plaintiff's actual hours were accurately reflected on the company's computerized time records (Rodriguez depo at 88:8-22 and 92:11-21). Seventh, Plaintiff's claim that his pay structure was not explained to him is contradicted by Greenberg's testimony. Eighth, Plaintiff's statement that he was not paid "overtime" during the last three years of his employment is contradicted by his own Complaint (Compl. at ¶ 11) and response to Defendants' Motion for Partial Summary Judgment at p. 2, ¶ 5, in which Plaintiff asserts that he seeking only half-time for hours over 40 (*i.e*, not that Super Shine failed to pay him anything for hours worked over 40). Ninth, his statement that he had no understanding that he was in any way compensated for overtime wages is contradicted by Greenberg's testimony. Tenth, Plaintiff's statement that there were no posters or other notice that discussed tips is directly contradicted by Greenberg, who explained that his payroll service provides the standard wage-hour federal and state poster in Spanish and English that is posted on the premises (Greenberg depo at 43:8-44:9).

## II.     Defendants' Statement of Disputed Facts.

1.     Whether Plaintiff was informed of how the tips he received were calculated as part of his pay.

2.     Whether Plaintiff was informed as to the overtime pay he was receiving.

3.     Whether Defendants had a wage-hour poster on the premises that explained the tip credit and overtime.

4.      Whether Defendants were entitled to apply some or all of the tips Plaintiff received against overtime pay.

5.      There are other fact issues that are or may be disputed, but they appear to be beyond the limited issues raised in Plaintiff's Motion.

## III.    There Are Genuine Disputed Issues of Material Fact On Whether Defendants Were Entitled to Apply Any Tips Against Amounts That May Be Owed to Plaintiff for Half-Time.

Plaintiff's Motion for Partial Summary Judgment really seeks to establish only one issue: that, as a matter of law, none of the tips received by Plaintiff can be used to satisfy any overtime obligations that Defendants may have in this case.  Plaintiff's motion fails for at least two reasons. First, Plaintiff ignores the law applicable to the facts here.  Second, there is a disputed issue of fact as to what the agreement was between Plaintiff and Defendants, which prevents entry of any summary judgment in favor of Plaintiff.

### A.    Plaintiff's position while employed by Defendants.

Plaintiff begins his argument with a purported description of the employment relationship. *See* Motion at pages 4-6. A substantial part of this section contains allegations that are not really germane to the issues raised by Plaintiff's Motion.  It repeats part of the same statements contained in paragraph 17 of Plaintiff's Statement of Material Facts, which in turn are copied from Plaintiff's affidavit.  Defendants adopt and incorporate by reference their response to paragraph 17.[2]  In summary, there are disputed issues of fact on the key aspects of what Plaintiff claims was the understanding between Plaintiff and Defendants as to his pay and work history.

---

[2]   At page 6, f.n. 3, Plaintiff cites from Greenberg's deposition with respect to a question on what Plaintiff received in pay.  The citation appears to be deliberately misleading because Plaintiff implies that he did not receive tips as part of his pay, when in fact the testimony only related to the pay for a particular week in 2006.

**B.     The tip credit and 29 C.F.R. §531.60.**

Plaintiff argues that Defendants are not entitled to credit or apply any of the tips received by Plaintiff against any overtime (in this case half-time) owed to Plaintiff. *See* Motion at pages 6-9. In support, Plaintiff claims that pursuant to 29 C.F.R. § 531.60, "such tips are not payments made by the employer to the employee as remuneration for employment within the meaning of the Act." The term "such tips" in § 531.60 refers to tips received in excess of the tip credit, not any tips. But since Plaintiff was receiving tips from a pool that was delivered to Super Shine, as well as direct tips, and Plaintiff was receiving at least the minimum wage for all hours worked, it is not at all clear what proposition Plaintiff is asserting, as a matter of fact or law.

More to the point,  however, Plaintiff ignores the provisions of 29 C.F.R. § 531.55. That section states in pertinent part:  "Also, if pursuant to an employment agreement the tips received by an employee must be credited or turned over to the employer, such sums may, after receipt by the employer, be used by the employer to satisfy the monetary requirements of the Act.  In such instances, there is no applicability of the 50-percent limitation on tip credits provided by section 3(m)."  Section 531.55 appears to address the precise situation described by both Plaintiff and Defendants.  Pursuant to an agreement with Super Shine, the tips "in the front" were turned over to Super Shine each day by two employees.  After receipt by Super Shine, in accordance with §531.55, the company may use those monies to satisfy the monetary requirements of the Act, which would include payment of half-time for all hours over 40 worked by Plaintiff.  And that is what happened here, which is why Plaintiff cannot possibly obtain summary judgment on this point, and the Court could rightfully consider that summary judgment should be entered against Plaintiff.

Defendants do not understand Plaintiff's reference to *Hornbeck v. Club Madonna, Inc.* Case No. 09-23447 Civ-Simonton, at page. 8 of Plaintiff's Motion, because no ruling is referenced. Similarly, Defendants' reference to the Department of Labor Field Manual is confusing. *See* motion at pp. 8-9. Plaintiff claims that the section forbids the employer from taking a tip credit for overtime. However, the cited section, 30d08 (to whatever extent applicable here), specifically states that "An employer may not take a *different* tip credit during OT hours than is taken during non-OT hours." (Emphasis added). The section states the opposite of what Plaintiff asserts, and does not address the situation covered by § 531.55 above.

**C.     Notice Requirement.**

In this subsection of Section D of the Motion at pages 9-12, Plaintiff argues that even if Defendants are entitled to apply tips received by Plaintiff to any overtime obligations, there is no disputed issue of fact that Plaintiff did not receive notice that tips would be offset against overtime.

Plaintiff cannot possibly prevail with respect to this issue on summary judgment. First, in his Statement of Material Facts, at paragraph 9, Plaintiff concedes that there is a disputed issue of material fact on what was explained to Plaintiff. Indeed, Greenberg did explain to Plaintiff how he was being paid (*e.g.*, Greenberg depo at 15:11-15). Second, Plaintiff's testimony on so many issues is so preposterous, and contradictory to the portions cited above, that it raises a strong inference against believing any of his testimony. *E.g.*, Plaintiff claimed that he worked every hour of every week that the business was opened (Rodriguez depo at 18:9-13); that he never went home early (*id.* at 18:18-23) (notwithstanding all the time records to the contrary); that he wasn't paid for 37 hours each week for three years but he felt fine and didn't think he was being treated unfairly (*id.* at 28:1-22); that for 12 years he worked at Super Shine, wasn't paid

overtime, knew what overtime was, but never complained because Craig Greenberg was a great person (*id.* at 35:9-15); that every week he worked 30 hours for free (*id.* at 21-25); that he is owed half-time for 37 hours a week for each week (*id.* at 56;7-9)

While there is a disputed issue of material fact as to whether there was a wage-hour poster at Super Shine, Plaintiff cites *Bonham v. Copper Cellar Corp.* 476 F.Supp. 98 (E.D. Tenn. 1979) for the proposition that a displayed poster did not satisfy the notice requirement. *Bonham* however came to that conclusion only because, among other reasons, the poster was not prominently displayed and employees were not directed to it. *Id.* at 101 f.n. 6. Here, Defendants testified that the company had the required federal and state posters on wages - in English and Spanish - which were supplied by the payroll company and posted in the office (Greenberg depo at 43-44). Plaintiff's closing statement - that "Plaintiff does not believe that Defendants will be able to meet their burden in response to this Motion . . ." is enough for the Court to conclude that whether Plaintiff believes that Defendants will meet their burden is a matter to be determined at trial, not on summary judgment.

## IV.    CONCLUSION

For all the foregoing reasons, Defendants request that Plaintiff's motion for partial summary judgment be denied. Those issues to which Defendants have stipulated should not be the subject of a court ruling, but rather should be included in the parties' pre-trial stipulation as uncontested issues.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Attorneys for Defendants*
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

s/ Ronald M. Rosengarten
RONALD M. ROSENGARTEN
Florida Bar No. 387540
E-Mail: Rosengartenr@gtlaw.com


## CERTIFICATE OF SERVICE

I HEREBY certify that on this 15th day of October, 2010, I electronically filed the

foregoing document with the Court using CM/ECF.  I also certify that the foregoing document is

being served on this day on all counsel of record identified on the attached Service List in the

manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF and by

U.S. Mail.

s/ Ronald M. Rosengarten
RONALD M. ROSENGARTEN


## SERVICE LIST

Jamie Harrison Zidell, Esq.
Email: Zabogado@aol.com
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone: (305) 865-6766
Facsimile: (305) 865-7167
*Attorneys for Plaintiff*

.