UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 09-23051-MOORE/SIMONTON

CONSENT CASE

| | |
|---|---|
| GIOVANNI A. RODRIGUEZ and all others similarly situated under 29 USC 216(B) | )<br>)<br>) |
| Plaintiff | ) |
| vs. | )<br>) |
| SUPER SHINE AND DETAILING, INC.<br>CRAIG A GREENBERG | )<br>)<br>) |
| Defendants | )<br>) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW the Plaintiff, through undersigned counsel, and replies as follows to [DE 36]:

**INTRODUCTION**

1. This matter sounds under the Fair Labor Standards Act ("FLSA") and includes a claim for overtime wages.

2. Plaintiff moves for summary judgment and asks the Court to find that: A) FLSA coverage/subject-matter jurisdiction exists under an enterprise theory; B) individual liability is present as to Defendant Craig A. Greenberg under the FLSA; C) Defendants are not entitled to claim any type of tip credit in relation to Plaintiff's overtime wages.

3. In Response Defendants do not contest grounds A) and B) above, and therefore Plaintiff requests the Court memorialize same in its Order regarding the Motion at issue.

    4.    As to C), the Court should regardless find that Defendants are not entitled to claim any type of tip credit in relation to Plaintiff's overtime wages.

## MEMORANDUM OF LAW

### DEFENDANTS ARE NOT ENTITLED TO CLAIM ANY TYPE OF TIP CREDIT IN RELATION TO PLAINTIFF'S WAGES INCLUDING WITH RESPECT TO HIS OVERTIME WAGES.

*29 CFR 531.60 and* 531.55.

As set forth more fully in Plaintiff's Motion, Defendants are not entitled to seek a tip credit regardless because the instant action contains only an overtime claim.  Even if this Court considers Plaintiff to be a tipped "employee", any overtime wages to which he is entitled ought not be offset by his tips because under 531.60 **"[s]uch tips are not payments made by the employer to the employee as remuneration for employment within the meaning of the Act** (emphasis added)."

The Court should reject Defendants' argument regarding 29 CFR 531.55 because such section is titled "Examples of amount not received as tips."  As set forth in 531.55(a), section 531.55 deals with an "employment agreement" where the employee is "collecting" the tip money for the employer.  First, as set forth in his Affidavit, Plaintiff states that "Defendants never paid me overtime wages during the last (3) years of my employment, and there was **never any agreement communicated** regarding overtime wages and I had no understanding that I was in anyway compensated for overtime wages. (emphasis added)."  As set forth below regarding *Donovan infra,* the burden is on Defendants to demonstrate they are entitled to benefit from any tip credit argument, and Defendants have not shown there was any type of Agreement with the Plaintiff where he collected "tips" on behalf of the Defendants within the meaning of 29 CFR 531.55.

To the contrary, although Plaintiff stated that his job was not structured as a tipped position as he was paid a salary, and the customers paid the Defendants per car, Plaintiff further testified in his Affidavit as follows: "[o]n a weekly basis, the tips that were collected in the said tip box would be divided among the workers, and I would be paid in cash (although the tips would be reflected on my check stub.)  The tips were split among the workers in ratio to the hours worked, to my understanding on a weekly basis. The customers were not obligated to put tips in the box as it was voluntary.  In addition, the majority of the customers would come directly to the detail area to pay me tips directly, and the Defendant Mr. Greenberg required that I share those tips equally with my helper."  The point is that any tips paid in addition are to be kept by the employee, and are not to be used to offset the employer's ½ time obligations.  In sum, regarding 29 CFR 531.55, Defendants have not shown the requisite Agreement, and the tips were not merely collected for the employer, rather they were kept and split by the Plaintiff and his co-workers.

The undersigned raised the matter of *HORNBECK* and Section 30d of the Department of Labor's Field Operations Handbook (12/9/88) because this particular Court recently dealt with similar arguments in the *HORNBECK* trial and has analyzed such issues of recent.  It is Plaintiff's position that similar to *HORNBECK*, this Court should find that tips cannot be credited towards an employer's overtime wage obligations.

*The Notice Requirement*.

Defendants do not address *Martin v. Tango's Restaurant, Inc., et al.,* 969 F.2d 1319 (1st Cir. 1992), and therefore Plaintiff refers to his arguments in the Motion at issue.

3

In *Martin*, the First Circuit found it to be crucial that "the minimum wage or tip credit was never mentioned to the waiters…." *Martin*, 969 F.2d at 1323. The Court noted that it was not suggested "that the waiters knew anything of the minimum wage laws or defendants' intention to claim a tip credit against their obligations." *Id*. Thus, the court reversed the district court and ordered a recomputation "with no tip credit allowed." *Id*. Defendants' responsive arguments should not persuade this Court that Defendants have adequately explained the provisions of section 3(m) to the Plaintiff. See, *Reich v. Chez Robert, Inc.,* 28 F.3d 401, 404 (3rd Cir. 1994), *citing, Bonham v. Copper Cellar Corp.*, 476 F. Supp. 98, 101-102 (E.D. Tenn. 1979).

In addition, as set forth in more detail in the summary judgment Motion at issue, the Fifth Circuit has held that in the absence of an agreement between the employer and employee that "tips should be kept by the employee as compensation", "tips should not be considered in computing an employee's minimum wage." *Hayden v. A.G. Bowen et al*., 404 F.2d 682, 686 (5th Cir. 1968). Defendants do not fulfill their burden regarding such requirement. See, *Donovan infra,* as the burden is on Defendants.

*Donovan v. The New Floridian Hotel, Inc.*, 676 F.2d 468, 474-76 (11th Cir. 1982) upheld the district court's finding that it is the **<u>employer's burden</u>** to demonstrate the employer is "entitled to the credits claimed under 3(m) of the FLSA…." In this matter, Defendants provide no deposition testimony from Plaintiff that he ever saw any poster, and Defendants do not point to the production of any alleged poster they allegedly prominently posted for view by the Plaintiff.

WHEREFORE, THE PLAINTIFF REPLIES AS STATED.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
**F.B.N. 0123870**
**BY:_____K. David Kelly\_\_/s/_____**
**K. DAVID KELLY, ESQ.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED TO THE FOLLOWING SUBSEQUENT TO E-FILING VIA SAME ON EVEN DATE:**

**RONALD M. ROSENGARTEN, ESQ.**
**GREENBERG TRAURIG**
**1221 BRICKELL AVENUE**
**MIAMI, FLORIDA 33131**
**FAX: (305) 579-0717**
**EMAIL: ROSENGARTENR@GTLAW.COM.**

**BY:_____/s/ K. David Kelly_____**
**K. DAVID KELLY, ESQ.**