UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23051-CIV-SIMONTON
<u>CONSENT CASE</u>

GIOVANNI RODRIGUEZ

     Plaintiff,

v.

SUPER SHINE AND DETAILING, INC.,
CRAIG GREENBERG,

     Defendants.

_____/

<u>OMNIBUS ORDER DENYING AS MOOT DEFENDANTS' MOTIONS RE:
WRITS OF GARNISHMENT AND PLAINTIFF'S POST-SETTLEMENT
DISCOVERY REQUESTS; AND, GRANTING PLAINTIFF'S
MOTION  FOR DEFENDANTS TO COMPLETE FACT
INFORMATION SHEET IN AID OF EXECUTION</u>

Presently pending before the Court is the Defendants' Motion to Strike Plaintiff's

Writs of Garnishment or In the Alternative For Stay of Execution (DE # 79). The Plaintiff

has filed a Response (DE # 82) and the Defendants filed a Reply (DE # 87). Also pending

before the Court are Defendants' Motions to Dissolve Writ of Garnishment (DE ## 83, 84),

Plaintiff's Motion for Defendants to Complete Fact Information Sheet in Aid of Execution

Pursuant to Florida Rule of Civil Procedure 1.560 and 1.977 (DE # 81), and Defendants'

Motion for Protective Order Regarding Notice of Taking Depositions Duces Tecum (DE #

88).  The Plaintiff has filed a Response to the Defendants' Motion for Protective Order

(DE # 89) and the Defendants have filed a Reply (DE # 90).  The Parties have consented to

full disposition by the undersigned Magistrate Judge and the District Court Judge has

entered an order referring this matter to the undersigned in accordance with the Parties'

consent (DE ## 12, 16).

## I.      BACKGROUND

This FLSA overtime action between Plaintiff Giovanni Rodriguez and Defendants Super Shine and Detailing, Inc., and Craig Greenberg was resolved by way of settlement just prior to the commencement of trial (DE # 55).  After a hearing was held by the Court as to the fairness of the Settlement Agreement, the Court entered a Final Order of Dismissal With Prejudice dismissing the action but retaining jurisdiction to determine attorney's fees and costs, as provided for in the Parties' Settlement Agreement (DE # 58). Consistent with that Order, the Plaintiff filed a Motion for Attorneys' Fees (DE # 56), and after full briefing by the Parties, the undersigned awarded the Plaintiff $43,134.71, representing $41,252.50 in attorney's fees, and $1,882.21 in costs (DE # 67).  The Defendant filed a Motion for Re-Hearing requesting that the Court reconsider its award of fees and costs (DE # 68).  That Motion ultimately was denied by the Court (DE # 93).  The instant Omnibus Order resolves the post-settlement Motions which were filed by the Parties prior to the denial of the Defendants' Motion for Re-hearing which relate to the Plaintiff's attempt to collect on the award of attorney's fees and costs.

## II.     PENDING MOTIONS

### A.      Defendants' Motion to Strike Plaintiff's Writs of Garnishment or In the Alternative For Stay of Execution

Ten days after the undersigned granted the Plaintiff's Motion for Attorney Fees and Costs, in part (DE # 67), the Defendant filed a Motion for Re-Hearing requesting that the Court reconsider its determination that Counsel for the Plaintiff was entitled to recover $43,134.71 in fees and costs (DE # 68).  Prior to the Court ruling on the Motion for Re-Hearing, the Plaintiff filed two Motions for Issuance of Writ of Garnishment After Judgment seeking to have writs of garnishment issued, up to the amount of the

2

attorney's fee award, for any of the Defendants' accounts held by Bank of America, N.A., and Wells Fargo Bank, N.A. (DE ## 71, 75).  The Clerk of Court, in turn, issued the two writs (DE ## 72, 76), and the Garnishees each filed an Answer to the Writs (DE ## 77, 78).  Bank of America, N.A., answered that it was indebted to the Defendants as it held funds in two accounts for Craig A. Greenberg in the amount of $3,902.21 and $4,797.85 (DE # 78).  Wells Fargo Bank, N.A., answered that it was not indebted to either of the Defendants as it held no accounts or other property of the Defendants (DE # 77).  Defendants then filed the Motion to Strike the Garnishments or in the Alternative for Stay of Execution which is currently before this Court (DE # 79).

In that Motion, the Defendants contend that the Plaintiff's Motions for Issuance of Writ of Garnishment After Judgment were contrary to law as they were filed while the Defendants' Motion for Re-Hearing remained pending before the Court.  Defendants argue that pursuant to Federal Rule of Civil Procedure 62(b) and (f) and Florida Rule of Civil Procedure 1.550, which the Defendants contend are applicable to this particular matter, an automatic stay was appropriate once the Defendants timely filed their Motion for Re-Hearing.[1] The Defendants therefore request that the Motions for Garnishment be

---

[1] Sections (b) and (f) of Federal Rule of Civil Procedure 62, entitled "Stay of Proceedings to Enforce a Judgment" provide:

(b)   Stay Pending the Disposition of a Motion. On appropriate terms for the opposing party's security, the court may stay the execution of a judgment--or any proceedings to enforce it--pending disposition of any of the following motions:

(1) under Rule 50, for judgment as a matter of law;
(2) under Rule 52(b), to amend the findings or for additional findings;
(3) under Rule 59, for a new trial or to alter or amend a judgment; or
(4) under Rule 60, for relief from a judgment or order.

(f)   Stay in Favor of a Judgment Debtor Under State Law. If a judgment is a lien

stricken or that the execution proceedings be stayed until the Motion for Re-Hearing is resolved.  The Defendants further urge that they should only have to post a bond equivalent to no more than one-half of the amount awarded in attorney's fees while this matter is stayed.

In Response, the Plaintiff contends that the Defendants are not entitled to a stay under Fed. R. Civ. P. 62 because the Defendants failed to timely request a stay of any collection proceedings and failed to post a supersedeas bond as required by Rule 62(d).[2] The Plaintiffs assert that the Defendants' request to post a bond at this point is untimely and contend that, if the Defendants are permitted to post a bond, the amount should be

on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

Florida Rule of Civil Procedure 1.550, entitled "Executions and Final Process" provides in relevant part,

Rule 1.550. Executions and Final Process

(a) Issuance. Executions on judgments shall issue during the life of the judgment on the oral request of the party entitled to it or that party's attorney without praecipe. No execution or other final process shall issue until the judgment on which it is based has been recorded nor within the time for serving a motion for new trial or rehearing, and if a motion for new trial or rehearing is timely served, until it is determined; provided execution or other final process may be issued on special order of the court at any time after judgment.

[2]  Fed. R. Civ. P. 62(d) provides,

Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

in accordance with Rule 62.1(a) of the Local Rules for the Southern District of Florida which requires that 110% of the judgment be posted. The Plaintiff further argues that Rule 62(f) is not applicable to this action because the Plaintiff has not sought or obtained a lien against the debtor's property.  In addition, the Plaintiff argues that the Defendants failed to demonstrate that they would succeed on their motion for rehearing and thus are not entitled to a stay.

In Reply, the Defendants argue that Rule 62(d) does not apply to the instant proceedings because the Defendants have not filed an appeal (DE # 87).  The Defendants also dispute the Plaintiff's contention that the garnishment on the Defendants' bank accounts do not constitute a lien under Florida law.  Further, the Defendants request that sanctions in the form of attorney's fees be assessed against the Plaintiff for misrepresenting the statutory and case law that applies to this matter.

### B.    Defendants' Motions to Dissolve Writ of Garnishment

The Defendants have also filed two Motions to Dissolve Writ of Garnishment seeking to dissolve the Writ of Garnishment issued to Garnishee Wells Fargo Bank (DE ## 83, 84).[3]  In those Motions, the Defendants rely on the same arguments raised in the Motion to Strike the Plaintiff's Writs of Garnishment, and reemphasize that the

---

[3] The Defendants have filed two Motions to Dissolve Writ both of which refer to Writs of Garnishment issued to Wells Fargo Bank.  However, in the Motions, the Defendants cite to two different docket entry numbers related to the Writs, and thus the undersigned assumes that the second Motion to Dissolve Writ of Garnishment (DE # 84), which cites to the docket entry number for the Writ issued to Bank of America, N.A., mistakenly refers to the Wells Fargo Bank Writ instead of the Bank of America, N.A., Writ.  This assumption is supported by the fact that the Service List attached to the second Motion to Dissolve Writ of Garnishment only provides service to Counsel for the Plaintiff and the Attorneys for Garnishee Bank of America (DE # 84 at 3).  However, because the Motion fails to mention Bank of America anywhere therein, the undersigned is constrained to treat the Motion as one directed at Wells Fargo Bank, particularly because the Plaintiff as discussed in n.4, *infra*, did not file a response to the Motions.

Defendants are entitled to a stay of all execution proceedings pursuant to Fed. R. Civ. P. 62(f).  The Plaintiff did not file a response specifically directed to the Motions to Dissolve.[4]

        **C.**        **Plaintiff's Motion For Defendants to Complete Fact Information Sheet In Aid of Execution and Defendants' Motion for Protective Order Regarding Notice of Taking Depositions Duces Tecum**

The Plaintiff has filed a Motion for Defendants to Complete Fact Information Sheet in Aid of Execution Pursuant to Florida Rule of Civil Procedure 1.560 and 1.977 (DE # 81).  In that Motion, the Plaintiff requests that, pursuant to Florida Rule of Civil Procedure 1.560 and 1.977, the Defendants be required to complete a fact information form within thirty days.

Related to this Motion, the Defendants have filed a Motion for Protective Order Regarding Notice of Taking Depositions Duces Tecum (DE # 88), wherein the Defendants request that the Court issue a protective order with respect to the Plaintiff's collection-related discovery requests, including Plaintiff's attempt to depose the Defendants and Plaintiff's request to have the Defendants complete the fact information form.  In the Motion, the Defendants contend that, for the same reasons raised in the Defendants' Motion to Strike, the Plaintiff has no right to pursue discovery in aid execution because a stay is appropriate in this matter.  In addition, the Defendants request that they be

---

        **[4] Although the Plaintiffs did not file a response to the Motions, the undersigned notes that the Answer filed by Garnishee Wells Fargo Bank, N.A., indicated that the Bank held no funds for the Defendants.  As such, because the Defendants only filed a Motion as to the Wells Fargo Bank Writ (albeit mistakenly), there would be no practical effect of having that Writ dissolved so far as any monies being released to the Defendants.  The undersigned further notes that the docket sheet reflects that the Plaintiff's response in Opposition to the Defendants' Motion for Protective Order, discussed below, also references the Docket Entries associated with the Defendants' Motions for Dissolution of Writ.  However, no response specifically directed to any attempt to dissolve the Writ issued to Bank of America was filed. (*See* Docket Sheet Entry # 89).**

awarded attorney's fees incurred in having to file the Motion for Protective Order.

In Response, the Plaintiff contends that the Defendants' Motion for Protective Order is improper because the Defendants failed to confer with Counsel for the Plaintiff prior to filing the Motion (DE # 89). Also in its Response, the Plaintiff incorporates his arguments raised in the Response to the Defendants' Motion to Strike Writs of Garnishment and further asserts that the Motion for Protective Order does not act as an automatic stay of discovery. The Plaintiff notes that the Defendants did not file the Motion for Protective Order until the evening before the deposition was set to occur and has attached a Certificate of Non-Appearance indicating that neither Defendant Craig Greenberg nor a corporate representative appeared for the scheduled deposition (DE # 89-1). The Plaintiff further contends that even if an automatic stay did apply to these proceedings, pursuant to Rule 62.1 of the Local Rules for the Southern District, such stay would have expired on July 12, 2012 (DE # 89 at 5-6).[5] The Plaintiff therefore contends that because the Plaintiff's discovery requests were not served for several months after that date, such requests were permissible, even assuming that a stay was appropriate. Plaintiff therefore requests that the Court award Plaintiff additional fees and costs expended in filing and responding to various motions related to Plaintiff's

---

[5] Rule 62.1(b) of the Local Rules for the Southern District of Florida, provides,

(b) Extension of Automatic Stay When Notice of Appeal Filed.

If within the fourteen (14) day period established by Federal Rule of Civil Procedure 62(a), a party files any of the motions contemplated in Federal Rule of Civil Procedure 62(b), or a notice of appeal, then unless otherwise ordered by the Court, a further stay shall exist for a period not to exceed thirty (30) days from the entry of the judgment or order. The purpose of this additional stay is to permit the filing of a supersedeas bond, which shall be filed by the end of the thirty (30) day period provided herein.

collection attempts.

In Reply, the Defendants contend that the Plaintiff has still failed to adequately address the applicability of Fed. R. Civ. P. 62(f) to this matter, and reiterate their contention that the case should be stayed.  The Defendants again request that they be awarded attorney's fees incurred in having to file the Motion for Protective Order.

III.   ANALYSIS

Although the Parties have filed a number of Motions which are directed to specific post-settlement proceedings, the crux of the disputes in those motions is whether the Plaintiff may obtain discovery from the Defendants in aid of execution or attempt to execute on the attorney's fee award while the Defendants' Motion for Re-Hearing remained pending before this Court. Specifically, as discussed above, in the various Motions, the Parties disagree as to whether a Rule 62 stay automatically arises in this context, and, if so, the length of time of such a stay, and the amount of the bond that Defendants are required to post during that stay.

However, the undersigned need not reach the issues related to Rule 62 in these proceedings because the undersigned has now denied the Defendants' Motion for Re-Hearing (DE # 93). Thus, the Defendants' request that the execution related to the award of attorney's fees be stayed until the resolution of the Motion, which was requested alternatively to striking the Writs of Garnishment, is moot.  Similarly, the Defendants' request for a protective order which seeks to prohibit the Plaintiff from pursuing discovery in aid of execution until the Motion for Re-hearing is resolved is moot.  In this regard, it bears noting that the Defendants have not argued any other basis for staying these proceedings and/or for preventing the Plaintiff from proceeding with discovery in aid of execution.  In addition, the Defendants have not advanced any claim of exemption

8

for the Writs of Garnishment issued by the Clerk.[6]  Accordingly, there is no basis for prohibiting the Plaintiff conducting discovery in aid of execution.  The undersigned therefore concludes that the Plaintiff is entitled at this point to have the Defendants complete the Fact Information Sheet in Aid of Execution.[7]

Finally, after a careful review of the record, the undersigned concludes that sanctions in the form of an award of attorney's fees is not warranted for either party under the facts of this case.

IV.    CONCLUSION

Accordingly, for the reasons discussed above, it is hereby

**ORDERED AND ADJUDGED** that the Defendants' Motion to Strike Plaintiff's Writs of Garnishment or In the Alternative For Stay of Execution (DE # 79), Defendants' Motions to Dissolve Writ of Garnishment (DE ## 83, 84), and Defendants' Motion for Protective Order Regarding Notice of Taking Depositions Duces Tecum (DE # 88) are **DENIED** as Moot.  It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Defendants to Complete Fact Information Sheet in Aid of Execution Pursuant to Florida Rule of Civil Procedure 1.560 and 1.977 (DE # 81), is **GRANTED**.  The Defendants shall complete the Fact

---

[6] The undersigned notes that the Plaintiffs have recently filed a Motion for Final Judgment of Garnishment for the Writs issued to Bank of America (DE # 95).  The time for the Defendants to respond to that Motion has not yet elapsed.

[7] The Plaintiffs have also filed a Notice of Deposition in Aid of Execution of Final Judgment Duces Tecum (DE # 94) which indicates that the Plaintiffs seek to depose Defendant Craig Greenberg and a Corporate Representative of Super Shine and Detailing Inc., on September 17, 2013 (DE # 94).  However, the Plaintiff has not requested any relief related to these depositions.

Information Sheet, Form 1.977, attached to Plaintiff's Motion (DE # 81-1) and fax and/or

hand-deliver the same to Plaintiff's Counsel on or before September 16, 2013.

      **DONE AND ORDERED** at Miami, Florida, this 6th day of September, 2013.


_Andrea M. Simonton_
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**All counsel of record via CM/ECF**